979 F.2d 853
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
James D. LAMMERS, Petitioner-Appellant,
v.
STATE of Wisconsin, et al., Respondents-Appellees.
 No. 92-3580.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 5, 1992.
Decided Nov. 17, 1992.
 
 Before POSNER, EASTERBROOK and ILANA DIAMOND ROVNER, Circuit Judges.
 
 Order
 
 1
 James D. Lammers applies for a certificate of probable cause so that he may appeal from the order dismissing his petition for a writ of habeas corpus. We grant his motion to proceed in forma pauperis and issue the certificate, except with respect to respondent State of Wisconsin. Only the custodian, not the state itself, is a proper respondent. Litigation against the state is barred by the eleventh amendment.
 
 
 2
 The district judge summarily dismissed Lammers' petition, without examining the record of the state proceedings, for failure to exhaust his remedies in state court. When Lammers sought rehearing, remonstrating that he had indeed presented his claims to state court (as the petition states), the district judge denied the motion, writing: "Petitioner claims that he has exhausted his state court remedies concerning his state court conviction. However he does not allege that he has pursued his challenges through the Wisconsin Supreme Court. This Court is not convinced that petitioner has exhausted his state court remedies and his motion for reconsideration and motion for counsel will be denied." The district judge reiterated this thought when denying Lammers' application for a certificate of probable cause.
 
 
 3
 The court's disposition is erroneous for three reasons.
 
 
 4
 First, the question at the pleading stage is not whether the district judge is "convinced" that petitioner has exhausted his remedies, but whether the allegations establish grounds for litigation. The district judge must examine the record of proceedings in the state court before arriving at a final decision one way or the other.
 
 
 5
 Second, prisoners proceeding without legal representation are not held to the standards of scriveners working on bond indentures. Petitions under Rule 2 of the Rules Governing Section 2254 Cases are informal. See also Fed.R.Civ.P. 8. Facts omitted from the petition may be supplied in subsequent argument.
 
 
 6
 Third, the obligation to exhaust remedies available in state court means only remedies now available. Barrera v. Young, 794 F.2d 1264 (7th Cir.1986). If indeed Lammers neglected to seek review in the Supreme Court of Wisconsin, then his remedies are exhausted--that is, no remedies are now available--unless the Supreme Court would accept an untimely petition, or a trial court would entertain a collateral attack. It may be that failure to pursue the claim in the Supreme Court of Wisconsin is an independent and adequate state ground in support of the judgment, in which event Wainwright v. Sykes, 433 U.S. 72 (1977), would bar federal review in the absence of cause and prejudice (or proof that miscarriage of justice otherwise would result).
 
 
 7
 The district court did not differentiate exhaustion from forfeiture, and did not even have the documents needed to determine whether state remedies are currently available. The judgment of the district court is vacated, and the case is remanded for further proceedings consistent with this order.